1  KEKER & VAN NEST, LLP
   ASHOK RAMANI - #200020
2  ANDREW SHEN - #232499
   710 Sansome Street
3  San Francisco, CA 94111-1704
   Telephone: (415) 391-5400
4  Facsimile: (415) 397-7188

5  Attorneys for Defendants
   GOOGLE, INC., GOOGLE ADSENSE
6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                          SAN FRANCISCO DIVISION

11

| 12 | THERESA B. BRADLEY, Psy.D./JD, | Case No. C-06-05289-WHA |
|----|--------------------------------|-------------------------|
| 13 | Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT** |
| 14 | v. | |
| 15 | GOOGLE, INC., GOOGLE ADSENSE, | Date: December 21, 2006<br>Time: 8:00 a.m. |
| 16 | Defendants. | Dept: Courtroom 9<br>Judge: The Hon. William H. Alsup |
| 17 | | Date Comp. Filed: August 28, 2006 |
| 18 | | Trial Date: TBD |

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION ..... 2

MEMORANDUM OF POINTS AND AUTHORITIES ..... 2

I. INTRODUCTION ..... 2

II. FACTUAL BACKGROUND ..... 2

- A. Google's AdSense and Gmail services ..... 2
- B. Google's relationship with Plaintiff Theresa B. Bradley ..... 4

III. ARGUMENT ..... 4

- A. Legal standards ..... 4
- B. Plaintiff's eight causes of action fail to state a claim upon which relief can be granted. ..... 5
  1. The Amended Complaint alleges "false advertising" that is not actionable under Lanham Act § 43(a). ..... 5
  2. The Amended Complaint fails adequately to allege a claim for fraud. ..... 6
  3. The Amended Complaint fails to identify any actionable business interference. ..... 6
  4. California's Uniform Commercial Code cannot and does not apply here. ..... 7
  5. Plaintiff's breach-of-contract cause of action fails to plead a sufficient excuse for non-performance ..... 7
  6. The Amended Complaint fails to allege an "interception" required by the Electronic Communications Privacy Act. ..... 8
  7. The Amended Complaint does not allege a cause of action recognized by California Penal Code § 637.2. ..... 10
  8. There is no cognizable claim for destruction of evidence. ..... 10
- C. Even if the Court dismisses Plaintiff's amended complaint, the Court should not grant Plaintiff leave to amend ..... 11
- D. Google Adsense is not a Google subsidiary and should be dismissed as a party to this lawsuit. ..... 12

IV. CONCLUSION ..... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acoustics, Inc. v. Trepte Construction Co.*,
  14 Cal. App. 3d 887 (1971) .................................................................................................. 7

*Bradley v. Yahoo, Inc.*,
  No. 06-4662, slip op. (N.D. Cal. Nov. 6, 2006).................................................................... 12

*Cedars-Sinai Medical Center v. Superior Court*,
  18 Cal. 4th 1 (1998) .............................................................................................................. 11

*Conley v. Gibson*,
  355 U.S. 41 (1957).................................................................................................................. 4

*Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.*,
  911 F.2d 242 (9th Cir. 1990) ................................................................................................. 5

*County of Santa Clara v. Astra U.S., Inc.*,
  428 F. Supp. 2d 1029 (N.D. Cal. 2006) ............................................................................ 4, 5

*De Long v. Hennessey*,
  912 F.2d 1144 (9th Cir. 1990) ............................................................................................. 12

*Epstein v. Wash. Energy Co.*,
  83 F.3d 1136 (9th Cir. 1996) ................................................................................................ 4

*Fraser v. Nationwide Mut. Ins. Co.*,
  352 F.3d 107 (3d Cir. 2003) ................................................................................................. 9

*Glendale Fed. Sav. & Loan Assn. v. Marina View Heights Dev. Co.*,
  66 Cal. App. 3d 101 (1977) .................................................................................................. 8

*Gold Seal Co. v. Weeks*,
  129 F. Supp. 928 (D.D.C. 1955)............................................................................................ 5

*Grimes v. Sprint, PCS*,
  2001 WL 35036 (N.D. Cal. Jan. 2, 2001) ........................................................................... 12

*In re DoubleClick Inc. Privacy Litig.*,
  154 F. Supp. 2d 497 (S.D.N.Y. 2001) ................................................................................... 8

*In re GlenFed, Inc. Sec. Litig.*,
  42 F.3d 1541 (9th Cir. 1994) (*en banc*) ............................................................................ 5, 6

*Ion Equipment Corp. v. Nelson*,
  110 Cal. App. 3d 868 (1980) .............................................................................................. 10

*Kasparian v. County of Los Angeles*,
  38 Cal. App. 4th 242 (1995) ................................................................................................. 6

*Knievel v. ESPN*,
  393 F.3d 1068 (9th Cir. 2005) .............................................................................................. 8

*Konop v. Hawaiian Airlines, Inc.*,
  302 F.3d 868 (9th Cir. 2002) ................................................................................................ 9

*Monarch Plumbing Co., Inc. v. Ranger Ins. Co.*,
  2006 WL 2734391 at *2 (E.D. Cal. Sept. 25, 2006)............................................................. 8

*Shulman v. Group W Productions, Inc.*,
  18 Cal. 4th 200 (1998) ........................................................................................................ 10

1

**TABLE OF AUTHORITIES**
**(cont'd)**

2
**Page(s)**

3 | *Spittal v. Apel*,
      2006 WL 769031 (E.D. Cal. Mar. 24, 2006) ............................................................................... 12

4 | *Steve Jackson Games, Inc. v. U.S. Secret Service*,
      36 F.3d 457 (5th Cir. 1994) ....................................................................................................... 8

5

6 | *Theofel v. Farey-Jones*,
      359 F.3d 1066 (9th Cir. 2004) ................................................................................................... 9

7 | *TK Power, Inc. v. Textron, Inc.*,
      433 F. Supp. 2d 1058 (N.D. Cal. 2006) ..................................................................................... 7

8 | *United States v. Daas*,
      198 F.3d 1167 (9th Cir. 1999) ................................................................................................... 9

9 | *United States v. Lewis*,
      67 F.3d 225 (9th Cir. 1995) ....................................................................................................... 9

10

11 | *Warden v. Kahn*,
      99 Cal. App. 3d 805 (1979) ..................................................................................................... 10

12 | *Williams v. Poulos*,
      11 F.3d 271 (1st Cir. 1993) ....................................................................................................... 9

13 | *Youst v. Longo*,
      43 Cal. 3d 64 (1987) ................................................................................................................. 6

**Statutes**

15 | 18 U.S.C. § 2511 ............................................................................................................................ 9

16 | 18 U.S.C. § 2520 ............................................................................................................................ 8

Cal. Penal Code § 631 ................................................................................................................... 10

17 | Cal. Penal Code § 632 ................................................................................................................... 10

18 | Cal. Penal Code § 635 ................................................................................................................... 10

19 | Cal. Penal Code § 636 ................................................................................................................... 10

Cal. Penal Code § 637 ................................................................................................................... 10

20 | California Commercial Code § 2102 ............................................................................................. 7

21 | California Commercial Code § 2105 ............................................................................................. 7

**Treatises**

22

23 | 4 Witkin, *California Procedure* (4th ed. 1997), Plead § 493 ......................................................... 7

24

25

26

27

28

## NOTICE OF MOTION

PLEASE TAKE NOTICE that at 8:00 a.m. on December 21, 2006, or at such other date and time ordered by this Court, located at 450 Golden Gate Avenue, San Francisco, California, defendants Google Inc. and Google Adsense ("Google") will, and hereby do, move this Court to dismiss plaintiff Theresa B. Bradley's ("Dr. Bradley") Amended Complaint.

Google brings this motion under Federal Rule of Civil Procedure 12(b)(6), on the ground that plaintiff's amended complaint fails to state a claim upon which relief can be granted. This motion seeks entry of an order granting Google's Motion to Dismiss for Failure to State a Claim and is based upon the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

Dr. Theresa Bradley concededly breached the terms of her advertising contract with Google, yet nonetheless has sued Google for exercising its unfettered contractual right to terminate the agreement for her breach. Dr. Bradley also alleges that, in retaliation for filing this lawsuit, Google without authorization entered her Gmail account—a free e-mail service offered by Google—and deleted evidence of her advertising account and complaints on point to Google. None of these allegations is true, as Google will demonstrate in due course. But even taking Dr. Bradley's allegations as true, nearly all of her causes of action suffers from a legal defect. This is unsurprising, given Dr. Bradley's history of filing scores of lawsuits all over the country that tend to share one characteristic—dismissal at an early stage. Her second venture into this federal district should fare no better, and this Court should dismiss her complaint without leave to amend.

### II.     FACTUAL BACKGROUND

**A.     Google's AdSense and Gmail services**

Google is one of the world's leading technology companies. While Google's business is rooted in its search-engine technology, the company now offers a wide range of services to businesses and individuals alike.

Dr. Bradley's complaint targets Google's AdSense program, which allows hundreds of thousands of websites worldwide to feature electronic advertisements arranged by Google. The AdSense program is mutually beneficial to third-party websites, advertisers, and Google: third-party websites share revenue with Google paid by advertisers who attain extraordinary market penetration by placing advertisements on third-party websites. Unfortunately, there is the temptation that unethical third-party websites will try and profit from this arrangement by invalidly "clicking" on advertisements that are displayed on their own site. While most AdSense partners do not engage in such misconduct, Google nonetheless has deployed a variety of cutting-edge measures to ensure that its advertisers receive fair value for the registered clicks on their advertisements. Paragraph five of the Google AdSense Online Standard Terms and Conditions plainly prohibits *any* clicks by any participant on her own website. Request for Judicial Notice, Exh. A ¶ 5. Any violation of that paragraph constitutes a material breach of the agreement and explicitly permits Google to suspend the AdSense service and terminate the agreement. *Id.* ¶ 6.[1]

To become a participant in the AdSense program, the publisher need only complete a simple application and insert a section of hypertext markup language ("HTML") into her webpages. After that short process, the publisher is able to present targeted advertisements through her own website. Conveniently, the publisher never has any direct contact with any of the third-party businesses described in AdSense advertisements. Only Google interacts with the advertisers participating in AdSense, thus sparing small businesses the expense of employing advertising or sales staff. In this manner, Google AdSense makes it possible for every web publisher to add a revenue stream that had been previously out of reach.

Google's AdSense technology is also designed to filter out advertisements that are inappropriate for a particular website's content, including any advertisements for competitors. In addition to these automatic filters, Google's editorial staff reviews and approves all advertisements before they are placed on a participant's website. If these steps fail to provide a

---

[1] Google submits with its Request for Judicial Notice background information on Google AdSense. *See* Defendants' Request for Judicial Notice, Exh. B.

1  web publisher with the appropriate advertisements for her site, the participant always has the

2  opportunity to choose a default advertisement of her choice.  The AdSense service also provides

3  partners with the opportunity to view the advertisements that will posted on their websites via a

4  "preview tool."  Thus, in the end, every web publisher participating in the program has the

5  ability to coordinate with Google to ensure that only appropriate AdSense advertisements are

6  ultimately used.

7      In 2004, Google expanded its range of services and began offering its popular web-based

8  e-mail service, Gmail.  Gmail offers free e-mail accounts with extensive storage capacity and

9  search capabilities.  Google's Gmail service is governed by the Gmail Terms of Use.  Request

10 for Judicial Notice, Exh. C.

11 **B.     Google's relationship with Plaintiff Theresa B. Bradley**

12     On August 10, 2006, Plaintiff Bradley joined the AdSense program via her

13 www.bravacorp.com website.  Soon thereafter, Google terminated her account for fraudulent

14 "clicks" on the advertisements served by the AdSense program.

15                 **III.     ARGUMENT**

16 **A.     Legal standards**

17     "A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged

18 in the complaint."  *County of Santa Clara v. Astra U.S., Inc.*, 428 F. Supp. 2d 1029, 1032 (N.D.

19 Cal. 2006) (Alsup, J.).  "A complaint should not be dismissed 'unless it appears beyond doubt

20 that the plaintiff can prove no set of facts in support of his claim which would entitle him to

21 relief.'"  *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  "On the other hand,

22 'conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to

23 dismiss for failure to state a claim.'"  *Id.* (quoting *Epstein v. Wash. Energy Co.*, 83 F.3d 1136,

24 1140 (9th Cir. 1996)).  "[T]he Federal Rules of Civil Procedure do not require a claimant to set

25 out in detail the facts upon which he bases his claim."  *Id.* (quotations omitted).  "To the

26 contrary, all the Rules require is a short and plain statement of the claim that will give the

27 defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Id.*

28 (quotations omitted).

1   "Allegations of fraud, however, must meet the heightened pleading standards of FRCP

2   9(b)." *Id.* "These require allegations of particular facts going to the circumstances of fraud,

3   including time, place, persons, statements made and an explanation of how or why such

4   statements are false and misleading." *Id.* (citing *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541,

5   1547-48 n.7 (9th Cir. 1994) (*en banc*)).

**B.  Plaintiff's eight causes of action fail to state a claim upon which relief can be granted.**

**1.  The Amended Complaint alleges "false advertising" that is not actionable under Lanham Act § 43(a).**

9   Plaintiff's amended complaint demonstrates a fundamental misunderstanding of the type

10  of false advertising that is actionable under Lanham Act § 43(a). To allege a viable false-

11  advertising claim under that Section, a plaintiff must plead: (1) in its advertising, the defendant

12  made false statements of fact about its own product; (2) those advertisements actually deceived

13  or have a tendency to deceive a substantial segment of their audience; (3) the deception is

14  material, in that it would be likely to influence the purchasing decision; (4) the defendant caused

15  its falsely advertised goods to enter interstate commerce; and (5) the plaintiff has been or is

16  likely to be injured as a result of the foregoing either by direct diversion of sales from itself to

17  the defendant, or by lessening of the goodwill which its products enjoy with the buying public.

18  *See Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d 242,

19  244 (9th Cir. 1990).

20  As the second element above demonstrates, Lanham Act § 43(a) is intended to protect the

21  public from deception as a result of false-advertising and provide the consumer with an

22  "opportunity to judge fairly between rival commodities." *Gold Seal Co. v. Weeks*, 129 F. Supp.

23  928, 940 (D.D.C. 1955). Assuming for the sake of the instant motion that plaintiff and Google

24  are attempting to provide rival services, Dr. Bradley nowhere alleges that any of her potential

25  customers were deceived by defendants' allegedly misleading advertising. Instead, she has

26  alleged that Google deceived *her*. Amended Complaint ("Am. Compl.") ¶ 6 ("Defendant

27  commenced a promotional campaign directed towards the Plaintiff"); ¶ 22 ("Defendants

28  statements provided in their Google Adsense promotional campaign and advertising directed

towards the Plaintiff was false"); ¶ 24 ("Defendant's misrepresentations in commercial advertising or promotion was disseminated to the Plaintiff who was actually deceived or tended to be deceived by it."). As Dr. Bradley's allegations fail to satisfy the second element of this cause of action, the Court should dismiss this claim.

### 2.     The Amended Complaint fails adequately to allege a claim for fraud.

"Rule 9(b) requires particularity as to the circumstances of fraud . . . time, place, persons, statements made, explanation of why or how such statements are false or misleading." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d at 1548 n.7. Dr. Bradley's second claim falls short of this standard. The gravamen of Dr. Bradley's fraud cause of action appears to be that Google made a statement about its preview feature that proved to be untrue. In making this allegation, however, she does not point to any particular statement made by Google, nor does she identify when the statement was made or how she received it. Dr. Bradley's conclusion that "Defendants made false, untrue and misleading representations as a statement of existing and material fact" (Am. Compl. ¶ 30) plainly does not identify the time, place, persons, statements made, or offer any explanation of why or how those statements were false or misleading. Since this cause of action fails to comply with Rule 9(b), the Court should dismiss it.

### 3.     The Amended Complaint fails to identify any actionable business interference.

To state a claim of interference with prospective business advantage, a plaintiff must plead the following elements: (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm proximately caused by the acts of the defendant. *Youst v. Longo*, 43 Cal. 3d 64, 71 n.6 (1987).

Dr. Bradley's third cause of action fails to state a claim because an interference claim cannot be brought "against a party to the relationship from which the plaintiff's anticipated economic advantage would arise." *Kasparian v. County of Los Angeles*, 38 Cal. App. 4th 242, 262 (1995). In direct conflict with this rule, Dr. Bradley's factual allegations state that her

contractual relationship with Google Adsense, an alleged subsidiary of Google, was the basis of any prospective business advantage *and* that Google Adsense interfered in her relationships with third-party advertisers. Am. Compl. ¶¶ 37, 39-40. The Court should dismiss the business-interference cause of action.

### 4. California's Uniform Commercial Code cannot and does not apply here.

California Commercial Code section 2207 is part of California's enactment of the Uniform Commercial Code. That statute only applies to transactions in "goods." Cal. Com. Code § 2102. "Goods" mean "all things . . . which are movable which are movable at the time of identification to the contract." *Id.* § 2105. "The UCC does not apply to transactions involving service." *TK Power, Inc. v. Textron, Inc.*, 433 F. Supp. 2d 1058, 1061 (N.D. Cal. 2006).

The Amended Complaint does not allege that Google has sold any "goods." Rather, Dr. Bradley alleges that Defendants would provide the AdSense *service*, i.e., the placement of advertisements on her website. Am. Compl. ¶ 45 ("Defendants offered to provide third party advertisers to the Plaintiff's internet site"); ¶ 48 ("Defendants' abruptly terminated the service . . ."). The California Commercial Code is thus inapplicable.

### 5. Plaintiff's breach-of-contract cause of action fails to plead a sufficient excuse for non-performance

A breach-of-contract cause of action must include these allegations: (1) the existence of a contract; (2) plaintiff's performance or excuse for non-performance; (3) defendant's breach; and (4) damages resulting from the breach. *Acoustics, Inc. v. Trepte Construction Co.*, 14 Cal. App. 3d 887, 913 (1971).

Dr. Bradley's breach-of-contract cause of action does not adequately plead that she has performed her obligations under the contract or that her performance was otherwise excused. An excuse for non-performance must be pleaded specifically. 4 Witkin, *California Procedure* (4th ed. 1997), Plead § 493, at 583.

In her Amended Complaint, Dr. Bradley concedes that she clicked on AdSense advertisements found on her own website—conduct that indisputably violates the AdSense

1  Terms of Use.  *See* Request for Judicial Notice, Exh. A ¶ 5.[2]  She attempts to excuse her non-
2  performance by pleading impossibility.  Am. Compl. ¶ 53 (alleging that inability to "preview"
3  advertisements made it "impossible" to assess whether those advertisements belonged to her
4  competitors).  *Id.*  This bare sentence does not satisfy her particularity obligation—for example,
5  she does not explain why she couldn't paste the URL routinely displayed at the bottom of
6  advertisements that Google provides to AdSense partners to evaluate whether the advertisement
7  was from a competitor, or her specific efforts to notify Google of the alleged failure of her
8  AdSense preview function.  That this method may be marginally inconvenient for plaintiff does
9  not justify her excuse for non-performance on the basis of impossibility.  *See Glendale Fed. Sav.*
10 *& Loan Assn. v. Marina View Heights Dev. Co.*, 66 Cal. App. 3d 101, 154 (1977) ("Facts which
11 may make performance more difficult or costly than contemplated when the agreement was
12 executed do not constitute impossibility.").[3]  Because Dr. Bradley has insufficiently pled an
13 excuse on the basis of a scenario falling short of impossibility, the Court should dismiss her
14 breach-of-contract cause of action.

   **6.    The Amended Complaint fails to allege an "interception" required by the Electronic Communications Privacy Act.**

   U.S. Code Title 18, section 2520 provides a civil cause of action for "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used" in violation of 18 U.S.C. § 2511 ("ECPA").  *Steve Jackson Games, Inc. v. U.S. Secret Service*, 36 F.3d 457, 460 (5th Cir. 1994).  *See also In re DoubleClick Inc. Privacy Litig.*, 154 F. Supp. 2d 497, 514 n.22 (S.D.N.Y. 2001) ("18 U.S.C. § 2520 confers a private right of action to persons

---

[2] For purposes of a motion to dismiss, courts may consider documents that are not attached the complaint in situations where "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document" even if "the plaintiff does not explicitly allege the contents of that document in the complaint."  *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).  This exception is designed to prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based.  *Monarch Plumbing Co., Inc. v. Ranger Ins. Co.*, 2006 WL 2734391 at *2 (E.D. Cal. Sept. 25, 2006).  Google thus attaches the contract on which Dr. Bradley has sued.

[3] While courts generally defer to the allegations found in a plaintiff's complaint, they are not required to concede "unwarranted inferences" – such as the impossibility of viewing websites belonging to competitors other than by clicking on their advertisements.  *See County of Santa Clara v. Astra U.S., Inc.*, 428 F. Supp. 2d at 1032.

1  injured by violations of the Wiretap Act."). Dr. Bradley's allegations of intentional deletion or
2  destruction of her e-mail messages in her Gmail account are not actionable because ECPA only
3  prohibits the interception of messages or, alternatively, the disclosure or use of intercepted
4  communications.

5  To "intercept" an electronic communication, "it must be acquired during transmission,
6  not while it is in electronic storage." *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th
7  Cir. 2002). *See also Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 113 (3d Cir. 2003)
8  ("Every circuit to have considered the matter has held that an 'intercept' under the ECPA must
9  occur contemporaneously with transmission."). Because of this interpretation, for purposes of
10 this statute, it is not possible to "intercept" electronic communications once they have already
11 been received. *Theofel v. Farey-Jones*, 359 F.3d 1066, 1077 (9th Cir. 2004). Dr. Bradley's
12 allegations only discuss e-mail messages that had already been received by her Gmail account.
13 *See* Am. Compl. ¶ 63. This is expected, because her claims of destruction and deletion only
14 make sense if the messages had already been received, *i.e.*, after transmission and while in
15 electronic storage. *Id.* ¶¶ 64-67.

16 While the statute discusses interception, disclosure, or intentional use, interception is a
17 prerequisite to disclosure or intentional use of a protected electronic communication prohibited
18 by ECPA. *Williams v. Poulos*, 11 F.3d 271, 284 (1st Cir. 1993). The plain text of the statute
19 supports this interpretation. *See United States v. Lewis*, 67 F.3d 225, 228 (9th Cir. 1995)
20 ("Canons of statutory construction dictate that if the language of a statute is clear, we look no
21 further than that statute in determining the statute's meaning."); *United States v. Daas*, 198 F.3d
22 1167, 1174 (9th Cir. 1999) ("If the statute uses a term which it does not define, the court gives
23 that term its ordinary meaning."). Section 2511(1)(c) prohibits the intentional disclosure of the
24 contents of an electronic communication "knowing or having reason to know" that the
25 communication was intercepted. 18 U.S.C. § 2511(1)(c). The following section similarly
26 prohibits the intentional use of an electronic communication "knowing or having reason to
27 know" that the communication was intercepted. *Id.* § 2511(1)(d). As e-mail messages cannot be
28 "intercepted" within the statute's meaning while in storage, neither can e-mail messages that

have already been received be disclosed or used in violation of ECPA. The Court should dismiss Dr. Bradley's ECPA cause of action.

### 7. The Amended Complaint does not allege a cause of action recognized by California Penal Code § 637.2.

Cal. Penal Code § 637.2 provides civil damages for any violation of a range of offenses prohibited by the Invasion of Privacy Act. *Ion Equipment Corp. v. Nelson*, 110 Cal. App. 3d 868, 879 (1980); *Warden v. Kahn*, 99 Cal. App. 3d 805, 810-11 (1979). "The Invasion of Privacy Act . . . provides legal recognition of the individual's reasonable expectation against unauthorized interception and recording of confidential conversations." *Shulman v. Group W Productions, Inc.*, 18 Cal. 4th 200, 234 (1998).

Based on any reasonable interpretation of the statute, the prohibitions catalogued by this section of the Penal Code do not reach the alleged deletion of e-mail that Dr. Bradley has pled in her Amended Complaint. As stated by the *Shulman* court (and analogously to ECPA), this statute focuses on *interception and recording*, largely of telephone conversations – and does not, as a textual matter, encompass the alleged deletion of Plaintiff's e-mail. *See, e.g.,* Cal. Penal Code § 631(a) (prohibiting wiretaps of telephone lines and interception of messages); § 632(a) (prohibiting eavesdropping or recording of communications); § 632.5(a) (prohibiting interception of cellular telephone calls); § 632.6(a) (prohibiting interception of cordless telephone calls); § 632.7(a) (prohibiting interception of telephone calls); § 635(a) (prohibiting manufacture or sale of eavesdropping devices); § 636(a)-(b) (prohibiting eavesdropping or recording of communications involving persons in police custody); § 636.5 (prohibiting interception of public safety radio communications for the purpose of avoiding arrest); § 637 (prohibiting disclosure of contents of telegraphic or telephone communications); § 637.1 (same); § 637.3 (prohibiting surreptitious lie detector tests); § 637.7 (prohibiting use of electronic tracking devices). This section of the California Penal Code does not provide redress for what Dr. Bradley has alleged— deletion of her stored e-mail, and the Court should dismiss this cause of action.

### 8. There is no cognizable claim for destruction of evidence.

California does not recognize spoliation of evidence as a cognizable cause of action well

1 before trial.  In *Cedars-Sinai Medical Center v. Superior Court*, 18 Cal. 4th 1, 17-18 (1998), the

2 California Supreme Court held that "there is no tort remedy for the intentional spoliation of

3 evidence by a party to the cause of action to which the spoliated evidence is relevant, in cases in

4 which, as here, the spoliation victim knows or should have known of the alleged spoliation

5 before the trial or other decision on the merits of the underlying action."  The *Cedars-Sinai* court

6 reached this conclusion after finding that the evidentiary inferences and discovery remedies

7 available to trial courts provide penalties sufficiently severe to deter potential acts of spoliation.

8 *Id.* at 17.  Thus, the Court should dismiss Dr. Bradley's eighth cause of action.

9 **C.    Even if the Court dismisses Plaintiff's amended complaint, the Court should not grant Plaintiff leave to amend**

10

11       While it is customary for courts to grant leave to amend upon dismissing a complaint,

12 Defendants urge the Court to prevent Plaintiff from further harassment and, perhaps more

13 importantly, future expenditure of judicial resources.  Though it appears that Plaintiff has yet to

14 officially be deemed a "vexatious litigant," she has filed lawsuits all over the United States that

15 are often dismissed or otherwise terminated at an early stage of potential litigation.[4]  More to the

---

16 [4] *See, e.g., Bradley v. Hale, et al.*, No. 06-00310 (M.D. Ga.); *Bradley v. Georgia, et al.*, No. 06-00252 (M.D. Ga.); *Bradley v. Yahoo Inc.*, No. 06-04662 (N.D. Cal.); *Bradley v. Midas Auto
17 Repair & Service of Bethesda, MD, et al.*, No. 06-01542 (D. Md.); *Bradley v. Miller, et al.*, No. 06-00289 (N.D. Fla.); *Bradley v. Hinton, et al.*, No. 06-00900 (N.D. Ga.); *Bradley v. Logue*, No.
18 06-00396 (N.D. Ga.); *Bradley v. Hinton, et al.*, No. 06-00036 (N.D. Ga.); *Bradley v. Miller, et al.*, No. 06-20453 (S.D. Fla.); *Bradley v. Wade*, No. 05-00799 (E.D.N.C.); *Bradley v. Miller, et
19 al.*, No. 05-00448 (N.D. Fla.); *Bradley v. Logue*, No. 05-00364 (N.D. Ga.); *Bradley v. Merrill Lynch & Co., Inc.*, No. 05-09591 (S.D.N.Y.); *Bradley v. Merrill Lynch & Co., Inc.*, No. 05-
20 04613 (E.D.N.Y.); *Bradley v. Agency for Workplace Innovation*, No. 05-00220 (N.D. Fla.); *Bradley v. Kelly Services, Inc.*, No. 04-80747 (S.D. Fla.); *Bradley v. Perdue, et al.*, No. 04-01627
21 (N.D. Ga.); *Brava Consultants, et al. v. O'Higgins, et al.*, No. 04-80052 (S.D. Fla.); *Bradley v. Coregis Ins., et al.*, No. 03-21846 (S.D. Fla.); *Bradley v. Jacobson Stores, Inc., et al.*, No. 03-
22 72191 (E.D. Mich.); *Bradley v. Lakier, et al.*, No. 03-80405 (S.D. Fla.); *Bradley v. MHM Correctional Services, Inc., et al.*, No. 03-00009 (M.D. Ga.); *Bradley v. Georgia, et al.*, No. 02-
23 00440 (M.D. Ga.); *Bradley v. Coregis Ins., et al.*, No 02-61646 (S.D. Fla.); *Bradley v. American Tobacco Co., et al.*, No. 02-01385 (M.D. Fla.); *Bradley v. Georgia, et al.*, No. 02-00031 (S.D.
24 Ga.); *Bradley v. Jackson, et al.*, No. 02-00064 (M.D. Ga.); *Bradley v. First Union Brokerage Services, Inc.*, No. 02-80115 (S.D. Fla.); *Bradley v. Cathey, et al.*, No. 02-00017 (N.D. Ga.);
25 *Bradley v. National Assoc. of Securities Dealers Dispute Resolution, Inc., et al.*, No. 01-02047 (D.D.C.); *Bradley v. Cathey, et al.*, No. 01-00484 (W.D.N.C.); *Bradley v. Olde Discount, et al.*,
26 No. 99-08925 (S.D. Fla.); *Bradley v. American Advisors, et al.*, No. 99-08017 (S.D. Fla.); *Bradley v. Lightmas, et al.*, No. 98-08915 (S.D. Fla.); *Bradley v. Adcahb Ins. Planners, et al.*,
27 No. 98-08914 (S.D. Fla.).  To avoid crowding the Court's files, Defendants have not submitted the court dockets for these cases.  Defendants will of course provide the dockets at the Court's
28 request.

---

11

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT
CASE NO. C-06-05289-WHA

382899.05

1  point, Dr. Bradley also filed litigation in the last few months, against Yahoo, Inc., before Judge
2  Whyte. On November 6, 2006, Judge Whyte granted Yahoo's motion to dismiss Dr. Bradley's
3  complaint, and that same day denied a motion to disqualify him, apparently premised on his
4  having denied Dr. Bradley's request to proceed without paying the Court filing fee. *See Bradley*
5  *v. Yahoo, Inc.*, No. 06-4662, slip op. (N.D. Cal. Nov. 6, 2006) (granting motion to dismiss);
6  *Bradley v. Yahoo, Inc.*, No. 06-4662, slip op. at 1, 4 (N.D. Cal. Nov. 6, 2006) (denying motion to
7  disqualify). In such situations, the Court has the inherent power to regulate the activities of
8  abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.
9  *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990).

10  Should the Court choose to grant leave to amend, Defendants alternatively ask the Court
11  to impose specific conditions on amendment. Courts have previously refused to provide leave to
12  amend in situations where the complaint was filed by a vexatious litigant. *See Grimes v. Sprint,*
13  *PCS*, 2001 WL 35036 at *2 (N.D. Cal. Jan. 2, 2001) ("Given plaintiff's history as a vexatious
14  litigant, the Court will not grant plaintiff leave to amend his complaint yet again."). Courts have
15  similarly required the posting of a bond in the event that a vexatious litigant chooses file an
16  amended complaint. *See Spittal v. Apel*, 2006 WL 769031 (E.D. Cal. Mar. 24, 2006) ("no
17  amendment will be accepted without the posting of a vexatious litigant bond"). Either option is
18  at the Court's disposal, should the Court decide to grant leave to amend.

19  **D.   Google Adsense is not a Google subsidiary and should be dismissed as a party to this lawsuit.**
20  
21  As established by the attached document from the California Secretary of State, "Google
22  Adsense" is neither a subsidiary of defendant Google, nor a registered corporate entity in the
23  State of California—it is instead a program offered by Google. *See* Request for Judicial Notice,
24  Exh. D. Despite Dr. Bradley's allegations otherwise, the Court should take judicial notice of this
25  adjudicative fact and dismiss Google AdSense from the instant case.

26
27
28

12
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT
CASE NO. C-06-05289-WHA

382899.05

### IV.   CONCLUSION

Each of Dr. Bradley's eight causes of action suffers from a legal defect, even assuming the truth of her allegations. Given Dr. Bradley's litigation history and the further consumption of judicial resources that it would take to litigate this matter further, Defendants request that the Court dismiss the Amended Complaint without leave to amend.

Dated:  November 16, 2006

Respectfully submitted,

KEKER & VAN NEST, LLP

By:  /s/ Ashok Ramani
ASHOK RAMANI
ANDREW SHEN
Attorneys for Defendants
GOOGLE, INC. and GOOGLE ADSENSE