KEKER & VAN NEST, LLP
ASHOK RAMANI - #200020
ANDREW SHEN - #232499
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendants
GOOGLE, INC., GOOGLE ADSENSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THERESA B. BRADLEY, Psy.D./JD,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>GOOGLE, INC., GOOGLE ADSENSE,<br><br>　　　　　　　Defendants. | Case No. C-06-05289-WHA<br><br>**JOINT CASE MANAGEMENT<br>CONFERENCE STATEMENT**<br><br>Date:　　November 30, 2006<br>Time:　　8:00 a.m.<br>Dept:　　Courtroom 9<br>Judge:　　The Hon. William H. Alsup<br><br>Date Comp. Filed:　September 12, 2006<br><br>Trial Date: TBD |

1

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO. C-06-05289-WHA

385306.01

I.  **TOPICS IN COURT'S SUPPLEMENTAL ORDER**

The parties provide the following statements on the subjects that they believe would be designated in Paragraph 2 of the Court's Supplemental Order ("Order") filed September 14, 2006 (Document 9 in the Court's file)[1]:

A.  **Jurisdiction and venue**

This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1332. The parties know of no issue regarding personal jurisdiction or venue.

B.  **Claims, defenses, and related proceedings**

Dr. Bradley's Claims and Defenses:

COUNT I – VIOLATIONS OF LANHAM ACT 15 U.S.C §43(a) §1121 et seq

COUNT II – FRAUD

COUNT III – INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE

COUNT IV – VIOLATIONS OF CALIFORNIA COMMERCIAL CODE §2207

COUNT V – BREACH OF CONTRACT

COUNT VI – VIOLATIONS OF 18 USC §2520 FOR UNLAWFUL INTERCEPTION OF PLAINTIFF'S ELECTRONIC COMMUNICATIONS

COUNT VII- INVASION OF PRIVACY BY INTRUSION UPON PLAINTIFF'S ELECTRONIC MAIL VIOLATIONS OF CALIF. CODE §§630-637.2

COUNT VIII – INTENTIONAL DESTRUCTION OF EVIDENCE, PROFESSIONAL AND PERSONAL PROPERTY

CLAIMS FOR DAMAGES UNDER THE DOCTRINE OF RESPONDEAT SUPERIOR

Google's Claims and Defenses: Google has moved to dismiss Dr. Bradley's complaint, with a hearing date presently scheduled for December 21. Thus, Google has not yet answered the Complaint; should the Court allow Dr. Bradley to proceed on her Complaint, Google will answer and evaluate any potential counterclaim(s).

Related proceedings: There are no "Related Cases" as defined in L.R. 3-12(a).

---

[1] Google has not received the order from Dr. Bradley, who never received it from the Court.

### C. Brief summary of proceedings to date

Dr. Bradley filed her Amended Complaint on September 12, 2006. The parties stipulated to extend Google's time to respond until November 16, 2006, on which date Google filed its pending motion to dismiss. During the week of November 13, counsel for Google attempted to meet and confer with Dr. Bradley under Federal Rule Civil Procedure 26(f); Dr. Bradley and counsel for Google succeeded in doing so on November 20, 2006. The parties stipulated to extend the time to exchange initial-disclosure documents required by Federal Rule of Civil Procedure 26(a) by 46 days, to January 29, 2007.

### D. Pending motions

On November 16, 2006, Google filed a motion to dismiss Dr. Bradley's complaint; the motion is set for hearing on December 21. On November 20, 2006, Dr. Bradley mailed to the Court her motion to appear via telephone at the November 30 case-management conference.

### E. Brief description of major motions before trial

Should the Court not grant Google's pending motion to dismiss, Google intends to move for summary judgment on Dr. Bradley's complaint. Dr. Bradley does not intend to file any motions.

### F. Additional parties

At this time, neither side expects parties to be added or deleted.

### G. Expected claim-construction, evidentiary, or class-certification hearings

This is neither a patent nor class-action case. Short of motions *in limine* and potential discovery disputes, the parties anticipate no evidentiary hearings.

### H. Compliance with evidence-preservation requirements

Dr. Bradley believes that Google has destroyed evidence as set forth in the Amended Complaint Counts VI, VII, VIII that has interfered with the Plaintiff's burden of proof of communications by electronic mail concerning the allegations set forth Amended Complaint Counts I, II, III, IV, V by destruction of evidence as set forth in the Amended Complaint by interference with private e-Mail account held by the Plaintiff at Google, Inc. known as

1  tbrava@gmail.com by intentional intrusion into the e-Mail account and intentional destruction
2  and/or deletion of all e-Mail communications concerning the Google AdSense account.

**I.   Stipulated discovery limits**

Neither Dr. Bradley nor Google believes that this case requires any departure from the Federal Rules.

**J.   Proposed deadlines and court dates, including a trial date**

The parties propose the following case schedule:

| *Event* | *Date* |
| --- | --- |
| Close of fact discovery | June 1, 2007 |
| Close of expert discovery (if any) | June 29, 2007 |
| Summary judgment filing deadline | July 26, 2007 |
| Pretrial conference | 21 days prior to trial |
| Trial date | October 29, 2007 |

The parties expect the trial to last no more than three Court days.

**K.   Whether a jury was properly demanded**

Dr. Bradley has not requested a jury. Google has not yet answered, and has not decided if it will request a jury.

**L.   What damages and other relief are sought**

Dr. Bradley's request for damages and other relief is fully set forth in the Amended Complaint Counts I through VIII.

**M.   ADR efforts to date and a specific ADR plan for the case**

The parties have conferred about ADR procedures and agree that court-ordered mediation is the likely procedure to assist settlement. Dr. Bradley will request that the Court order the parties to court-ordered mediation as soon as possible. Google respectfully suggests that the

1 | Court order the parties to engage in ADR only should the Court not grant Google's motion to
2 | dismiss.

**N.    Magistrate-Judge assignment**

Dr. Bradley failed timely to submit her consent to proceed before a Magistrate Judge, but would be fine to so proceed now. Google is fine with such assignment.

**O.    Service list**

For Dr. Bradley:
Theresa B. Bradley
www.bravacorp.com
4500 Connecticut Avenue NW #309
Washington, DC 20008
Phone 202-537-2969

For Google:
Ashok Ramani
Andrew Shen
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA  94111-5400
Telephone:    (415) 391-5400
Facsimile:    (415) 397-7188
Email: axr@kvn.com
       ashen@kvn.com

**P.    Other items in Local Civil Rule 16-10**

Except as set forth above, the parties propose that the matters specified in Civil Local Rule 16-10(b) be scheduled in accordance with the Local Rules, the Federal Rules of Civil Procedure, and the Guidelines for Trial and Final Pretrial Conference in civil jury cases before the Honorable William Alsup.

## II.    PROTECTIVE ORDER

The parties have conferred, per Federal Rule of Civil Procedure 26(f), about the desirability of a protective order. Google doubts that this case would implicate its trade secrets or proprietary information; to the extent that it does, the parties will try and stipulate to a procedure restricting disclosure of confidential information to outside counsel and third-party experts who execute an appropriate undertaking. Should the parties fail to reach resolution, Google will seek the Court's direction.

1        Dr. Bradley does not anticipate that this case will entail any request or invasion of either party's trade secrets of her company, Brava Corporation or of Google, Inc. or Google Adsense.

DATED: November 30, 2006    KEKER & VAN NEST, LLP

By /s/ Andrew Shen
Ashok Ramani
Andrew Shen
Attorneys for Defendant GOOGLE INC.

DATED: November 26, 2006

By *Theresa B. Bradley* (original signature CMC filed with Court)
Dr. Theresa P. Bradley
*Pro Se* Plaintiff

## PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On **November 30, 2006**, I served the following document:

**Joint Case Management Conference Statement**

by regular **UNITED STATES MAIL** by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for collection and processing of correspondence for mailing. According to that practice, items are deposited with the United States Postal Service at San Francisco, California on that same day with postage thereon fully prepaid. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of deposit for mailing stated in this affidavit; and

by **EMAIL**, by transmitting a true and correct copy in PDF format to the email address below.

Theresa B. Bradley
4500 Connecticut Avenue NW, Suite 309
Washington, DC 20008
*Email: bravacorp@yahoo.com*

Executed on November 30, 2006, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Robert W. Thomas