KEKER & VAN NEST, LLP
ASHOK RAMANI - #200020
ANDREW N. SHEN - #232499
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendants
GOOGLE, INC., GOOGLE ADSENSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| THERESA B. BRADLEY, Psy.D./JD,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, INC., GOOGLE ADSENSE,<br><br>Defendants. | Case No. C-06-05289-WHA<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Date:    December 21, 2006<br>Time:    8:00 a.m.<br>Dept:    Courtroom 9<br>Judge:   The Hon. William H. Alsup<br><br>Date Comp. Filed:    August 28, 2006<br><br>Trial Date: TBD |
|---|---|

1

REPLY IN SUPPORT OF DEFENDANTS' MOTION AND MOTION TO DISMISS AMENDED COMPLAINT
CASE NO. C-06-05289-WHA

385829.01

## INTRODUCTION

Dr. Bradley's opposition does not dispute a single argument advanced in Google's opening presentation. Instead, Dr. Bradley tries to offer new facts—that she allegedly would not have violated her agreement with Google AdSense had she seen the materials submitted with Google's motion, and that Google and its counsel concocted those documents to disadvantage her case. *See, e.g.*, Plaintiff's Response to Defendants' Motion to Dismiss at ¶¶ 3-8. Setting aside the supermarket-tabloid nature of her accusations, even if true, the new facts do not save her causes of action from their legal defects. If anything, Dr. Bradley's new assertions further undermine her case, because she has admitted that she breached her agreement with Google by clicking on advertisements shown on her website.

Dr. Bradley also has not disputed Google's description of her repeated, nationwide filing of what amounts to vexatious litigation. Google respectfully urges this Court to take Judge Whyte's example in Dr. Bradley's other frolic in this jurisdiction, *Bradley v. Yahoo, Inc.*, and dismiss the instant case.

## ARGUMENT

**A.   Dr. Bradley offers no reason to deny Google's motion to dismiss.**

Defendants' motion to dismiss provided the Court with a variety of legal arguments highlighting the insufficiencies of plaintiff's claims. Even the most charitable review of plaintiff's response demonstrates that she has not responded to any of those arguments.

Instead, Dr. Bradley chooses to offer new factual assertions. Notably, she does not so much as mention the core factual allegations found in her amended complaint, that she was duped by allegedly false advertising, that Google entered her Gmail account and deleted email in retaliation for her having filed this case, or even that she was unable to access the websites of her supposed "competitors" without clicking on their advertisements. Dr. Bradley has seemingly abandoned her amended complaint altogether.

The thrust of Dr. Bradley's opposition is that defendants have purposefully hidden the Google AdSense Online Standard Terms and Conditions, *see* Defendants' Request for Judicial Notice ("RJN"), Exh. A, until confronted with her complaint. But in its consideration of a Rule

1  12(b)(6) motion to dismiss, "conclusory allegations and unwarranted inferences are insufficient
2  to defeat a motion to dismiss for failure to state a claim." *County of Santa Clara v. Astra U.S.,*
3  *Inc.*, 428 F. Supp. 2d 1029, 1032 (N.D. Cal. 2006) (Alsup, J.) (quotations omitted). Dr. Bradley
4  does not explain what exactly she did see when she agreed to the AdSense Terms and
5  Conditions, nor does she explain exactly what provisions from the version Google submitted
6  differed from what she had seen. Thus, the Court should reject Dr. Bradley's conclusory factual
7  allegations.

**B.    Plaintiff has not denied her history of vexatious litigation.**

As described in defendants' motion to dismiss, plaintiff has filed meritless cases across the country, harassing a multitude of private individuals, governmental entities, and businesses. Plaintiff has not disputed defendants' description. Nor could she. Indeed, her other venture into this federal district recently ended in dismissal—on November 22, 2006, Judge Whyte dismissed plaintiff's case against Yahoo, *Bradley v. Yahoo, Inc.*, No. 06-04662, for failure to pay her filing fee and summarily entered judgment for defendant, after having granted Yahoo's motion to dismiss Dr. Bradley's complaint a few weeks earlier. Thus, on yet another instance, plaintiff's abusive litigation efforts has wasted the valuable time and resources of a federal district court. Defendants again urge the Court, if it grants the instant motion to dismiss, to refuse to grant leave to amend – an option well within its discretion. *See Grimes v. Sprint PCS*, 2001 WL 35036 *2 (N.D. Cal. Jan. 2, 2001).

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion to dismiss amended complaint without leave to amend.

Dated: December 7, 2006                         KEKER & VAN NEST, LLP

By: /s/ Ashok Ramani
ASHOK RAMANI
Attorneys for Defendants
GOOGLE, INC., GOOGLE ADSENSE

## PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On **December 7, 2006**, I served the following document:

**Reply in Support of Defendants' Motion to Dismiss Amended Complaint**

by regular **UNITED STATES MAIL** by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for collection and processing of correspondence for mailing. According to that practice, items are deposited with the United States Postal Service at San Francisco, California on that same day with postage thereon fully prepaid. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of deposit for mailing stated in this affidavit; and

by **EMAIL via PDF,** by transmitting a true and correct copy scanned into an electronic file in Adobe "pdf" format to the email address below.

Theresa B. Bradley
4500 Connecticut Avenue NW, Suite 309
Washington, DC 20008
Email: bravacorp@yahoo.com

Executed on December 7, 2006, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*Robert W. Thomas*
Robert W. Thomas