United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THERESA BRADLEY,                                      No. C 06-05289 WHA

       Plaintiff,

  v.                                                **ORDER GRANTING IN PART
                                                    AND DENYING IN PART
GOOGLE, INC., and GOOGLE ADSENSE,                   DEFENDANTS' MOTION TO
                                                    DISMISS**

       Defendants.

_____/

## INTRODUCTION

This is a lawsuit over five dollars. It alleges fraud, breach of contract, and various other claims. Defendants Google, Inc., and Google AdSense now move to dismiss plaintiff Theresa Bradley's complaint pursuant to FRCP 12(b)(6). Plaintiff's first through seventh claims fail to plead facts that if true would entitle plaintiff to relief. Plaintiff's eighth claim survives to the extent that she has pleaded a claim of injury to property. Plaintiff will be granted limited leave to amend. Accordingly, defendants' motion to dismiss is GRANTED IN PART as to plaintiff's first through seventh claims, and DENIED IN PART as to plaintiff's eighth claim.

## STATEMENT

Bradley was a psychiatrist who also had a juris doctorate. Plaintiff owned a small business called Bravacorp that provided corporate consulting services and listed a number of large companies and government agencies as its clients. Bradley and Bravacorp ran a website called www.bravacorp.com. The website provided information about Bradley's and Bravacorp's services, and advertised those services (First Amd. Compl. ¶ 5–6).

**United States District Court**
For the Northern District of California

1   Google provided advertising space on the internet to third parties through its service

2   Google AdSense (*id*. at ¶ 6).  Participants in the program allowed Google AdSense to place ads

3   from third parties on their websites after completing an application and inserting some hypertext

4   markup code into their site.  The ads were tailored to the host website's content.  Participants

5   were able to block ads from competitors, or other ads based on their content or origin (*id*. at

6   Exh. A).  Participants also had the option of choosing default ads to appear on their site if they

7   did not approve of the ads that Google AdSense placed there, or if no ads relevant to the

8   website's content were found.  Significantly, Google AdSense paid participants each time an

9   internet user clicked on the third-party ads posted to the participants' website.  To eliminate the

10  problem of participants attempting to profit from this arrangement by clicking on the ads on

11  their own websites, Google AdSense's contracts explicitly forbade participants from doing so

12  (Req. Jud. Not. Exh. A ¶ 5).

13  Bradley signed her website up for Google AdSense on August 10, 2006 (First Amd.

14  Compl. ¶ 7).  Google AdSense did not provide her with any way to see which ads would be

15  posted to her site before they appeared there (*id*. at ¶ 9).  Wanting to investigate the third-party

16  ads placed on her website, Bradley clicked on them (*id*. at ¶ 13–14).  Also, she communicated

17  with Google AdSense and asked them to remove some of the ads placed on her website (*id*. at ¶

18  15).  The ads were not removed (*id*. at ¶ 16).  On August 19, 2006, Google AdSense terminated

19  her account, removed all ads, and failed to pay plaintiff the approximately five dollars in

20  revenue that the ads on her site had generated (*id.* at ¶ 17).  Plaintiff filed her complaint against

21  Google and Google AdSense shortly thereafter.

22  Bradley also held an email account through Google's email service, Gmail, through

23  which she conducted all relations with Google AdSense related to her website (*id*. at ¶ 59–60).

24  On August 24, 2006, plaintiff discovered that all of the emails in which she had communicated

25  with Google AdSense had been removed or deleted from her account (*id*. at ¶ 64).  She claimed

26  that other emails had been deleted, and that communications with third parties had been "mixed

27  up" with her emails (*id*. at ¶ 66–67).

28

**United States District Court**
For the Northern District of California

1    On September 7, 2006, Bradley filed her first amended complaint alleging claims of

2    violations of the Lanham Act, 15 U.S.C. 1121 *et seq.*, fraud, interference with prospective

3    business advantage, violations of California Commercial Code Section 2207, breach of contract,

4    unlawful interception of electronic communications under 18 U.S.C. 2520, invasion of privacy

5    under California Penal Code Sections 630–637.2, and intentional destruction of evidence,

6    professional property, and personal property.  Though proceeding *pro se*, Bradley is no stranger

7    to the court system.  She has filed at least 35 lawsuits in various federal district courts with 15

8    of those lawsuits being filed within the last two years (Def. Br. n4).

9                                          **ANALYSIS**

10   Defendants now move to dismiss Bradley's first amended complaint for failure to state a

11   claim.  They also ask in their motion that Bradley not be given leave to amend.

12   A motion to dismiss under FRCP 12(b)(6) tests for legal sufficiency of the claims

13   alleged in the complaint.  A complaint should not be dismissed "unless it appears beyond doubt

14   that the plaintiff can prove no set of facts in support of his claim which would entitle him to

15   relief."  *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).  "All allegations and reasonable

16   inferences are taken as true, and the allegations are construed in the light most favorable to the

17   non-moving party, but conclusory allegations of law and unwarranted inferences are insufficient

18   to defeat a motion to dismiss for failure to state a claim."  *Adams v. Johnson*, 355 F.3d 1179,

19   1183 (9th Cir. 2004).

20   **1.    LANHAM ACT VIOLATIONS.**

21   Plaintiff's first claim alleged violations of the Lanham Act 43(a), which appears to be a

22   claim for false advertising.  To plead false advertising under that section, plaintiff must allege:

23   (1) a false statement of fact by the defendant in a commercial advertisement about its own
     or another's product; (2) the statement actually deceived or had a tendency to deceive a

24   substantial segment of its audience; (3) the deception is material, in that it is likely to
     influence the purchasing decision; (4) the defendant caused its false statement to enter

25   interstate commerce; (5) the plaintiff has been or is likely to be injured as a result of the
     false statement, either by a direct diversion of goodwill from itself, or by a lessening of the

26   goodwill associated with its products.

27   *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997).

28

3

United States District Court

For the Northern District of California

1      Defendants argue that Bradley has not alleged the kind of injury that the Lanham Act

2  was intended to address.  In her opposition brief, Bradley does not respond to defendants'

3  arguments, instead the bulk of her opposition attempts to present new facts in her favor.  In

4  particular, she argues against defendants' request for judicial notice saying that had she known

5  of the information contained therein, she would not have brought this lawsuit.  She goes on to

6  accuse Google of subterfuge and "hiding the ball" with respect to the terms of her contract with

7  them.  Though such diatribes are not helpful to showing the legal sufficiency of her claims, this

8  order still addresses her claims under the standard of a motion to dismiss under FRCP 12(b)(6).

9      Plaintiff alleged that Google sent an advertisement to her which contained a false

10  statement, namely, that she would be able to preview the ads that Google AdSense placed on

11  her website.  She further alleged that the method that Google provided to preview the ads did

12  not work.  Plaintiff alleged that she, not her customers, was deceived.  Bradley alleged that her

13  goodwill and relationships with her customers were damaged because of the ads that Google

14  AdSense placed on her site.   In sum, Bradley alleged that Google's false advertising deceived

15  her into signing up for its services, which later caused her to lose the goodwill of her customers

16  not because of Google's false statements, but because of the ads placed on her website and

17  Google's subsequently closing her Google AdSense account.  This theory of damages is simply

18  too attenuated.  Bradley did not allege that she lost her customers' goodwill as a result of

19  Google's false statements.  She alleged she lost goodwill by defendants' placing ads of which

20  she did not approve on her website and then removing them.  Accordingly, defendants' motion

21  to dismiss is **GRANTED** as to this claim.

22      **2.    FRAUD.**

23      Under FRCP 9(b), fraud must be pleaded with particularity as to the circumstances of

24  fraud, such as time, place, persons, false statements, and why those statements are false.  *In re*

25  *GlenFed Inc. Sec. Litig.*, 42 F.3d 1541, n.7 (1994).  To allege a claim of fraud, plaintiff must

26  plead (1) a misrepresentation; (2) knowledge of falsity or scienter; (3) intent to induce reliance;

27  (4) justifiable reliance; and (5) and resulting damages.  *Engalla v. Permanente Med. Group*, 15

28  Cal. 4th 951, 974 (1997).

4

Bradley alleged that "[d]efendants made false, untrue and misleading representations as a statement of existing and material fact" (First Amd. Compl. ¶ 30). Even incorporating by reference all of her previous allegations, plaintiff still does not identify with particularity which statements were false. Assuming she referred to Google AdSense's representation that she would be able to preview the ads placed on her site, she still has not alleged when those statements were made. She has merely alleged that she was told that there would be a way to preview the ads placed on her site but that the method did not work. As to the second element, plaintiff has not alleged with specificity that defendants knew their statements were false, plaintiff merely stated in her complaint that Google and Google AdSense made knowingly false statements. This does not meet the heightened standard under FRCP 9(b). Accordingly, defendants' motion to dismiss is **GRANTED**.

### 3.    INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE.

To state a claim for interference with prospective business advantage, plaintiff must plead the following elements:

> (1) an economic relationship between the plaintiff and a third party, with the probability of future economic benefit to plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant to disrupt the relationship; (4) actual disruption of the relationship; (5) economic harm to plaintiff proximately caused by defendant.

*Youst v. Longo*, 43 Cal. 3d 64, n.6 (1987). A claim for interference with prospective business advantage cannot be brought against a party to the relationship which has allegedly been disrupted. *Kasparian v. County of Los Angeles*, 38 Cal. App. 4th 242, 262 (1995). Generic allegations that there was an interference with an unnamed third party are insufficient as a matter of law. *Accuimage Diagnostics Corp. v. Terarecon, Inc.,* 260 F. Supp.2d 941, 957 (N.D. Cal. 2003).

In her third claim, Bradley alleged that she was in a business relationship with Google and its "subsidiary" Google AdSense. Google AdSense's actions in placing ads on her website, damaged her relationships with third parties and with Google AdSense. Plaintiff never identified any of the third parties. To the extent that Bradley alleged that her relationship with defendants was disrupted, her claim fails as a matter of law. Bradley has also not identified any

United States District Court
For the Northern District of California

5

1  specific relationships in which Google interfered, so she has failed to plead facts that would

2  entitle her to relief on this claim.  Accordingly, defendants' motion is **GRANTED**.

3      **4.      VIOLATIONS OF CALIFORNIA COMMERCIAL CODE SECTION 2207.**

4          California Commercial Code Section 2207 governs the addition of terms in the

5  acceptance of a contract and the modification of contracts.  It is part of California's enaction of

6  the Uniform Commercial Code which explicitly applies only to contracts dealing with movable

7  goods.  Cal. Com. Code 2102.  "'Goods' means all things (including specially manufactured

8  goods) that are movable at the time of identification to the contract other than money in which

9  the price is to be paid."  Cal. Com. Code 2105.

10         In her fourth claim, Bradley alleged that Google and Google AdSense violated Section

11  2207 by materially altering the terms of the contract.  At no point, however, did she allege that

12  her contract with Google involved the sale or purchase of goods by either party.  From her

13  complaint, it is clear that Bradley's contract with Google was for services, not for goods.  The

14  UCC does not apply to plaintiff's contract with Google, and neither does Section 2207.  Even

15  taking as true all of Bradley's allegations, her fourth claim does not state a claim on which relief

16  can be granted because Section 2207 simply does not apply to her contract with Google and

17  Google AdSense.  Defendants motion is **GRANTED** on Bradley's fourth claim.

18      **5.      BREACH OF CONTRACT.**

19         Plaintiff's fifth claim against Google alleges breach of contract.  To state a claim for

20  breach of contract, plaintiff must allege (1) the existence of a contract; (2) plaintiff's

21  performance or excuse for non-performance; (3) defendant's breach; (4) and damages that result

22  from the breach.  *Acoustics, Inc. v. Trepte Construction Co.*, 14 Cal. App. 3d 887, 913 (1971).

23         Bradley alleged in her complaint that she had a valid contract with Google and Google

24  AdSense.  Defendants breached the contract by failing to provide her a way to preview the ads

25  placed on her website.  She also alleged that she suffered damages because her clients were

26  diverted from her website.  Defendants argue that plaintiff never alleged that she performed

27  under the contract or that she was excused from performing.  Bradley stated in her complaint

28  that she clicked on her own ads which was strictly forbidden under the contract with Google.

**United States District Court**
For the Northern District of California

6

1    Furthermore, Bradley never alleged that she did not know of the consequences of clicking on

2    her own ads.  Plaintiff has failed to plead that she performed under the contract.

3        Plaintiff did not adequately plead excuse for nonperformance.  She alleged in her

4    complaint and argued in her brief that she had no way to preview ads placed on her site.  It

5    appeared that she attempted to plead that performance was impossible.  In response, defendants

6    argue that previewing the ads placed on her site was not impossible; Bradley could have cut-

7    and-pasted the links displayed below the ads into her web browser, enabling her to preview the

8    ads.  Thus, plaintiff has not adequately pleaded either performance under the contract, or that

9    her non-performance was excused.  Defendants' motion to dismiss is **GRANTED**.

10       **6.    VIOLATION OF 18 U.S.C. 2520 FOR UNLAWFUL INTERCEPTION OF
             ELECTRONIC COMMUNICATIONS.**

11

12       Bradley alleged that defendants violated 18 U.S.C. 2520 by removing or deleting

     messages from her Gmail account.  "[A]ny person whose wire, oral, or electronic

13   communication is intercepted, disclosed, or intentionally used in the violation of this chapter

14   may in a civil action recover from the appropriate entity . . ."  18 U.S.C. 2520.  This statute, part

15   of the Electronic Communications Privacy Act, only applies to situations where electronic

16   communications are *intercepted*, not electronic communications which are in storage.  *Theofel*

17   *v. Farey-Jones*, 359 F.3d 1066, 1077 (9th Cir. 2004).  To intercept a communication, "it must

18   be acquired during transmission, not while it is in storage."  *Konop v. Hawaiian Airlines, Inc.*,

19   302 F.3d 868, 878 (9th Cir. 2002).

20       In her sixth claim, Bradley alleged that Google removed emails relevant to her dealings

21   with the Google AdSense program that were saved to her account.  Plaintiff did not allege that

22   Google intercepted any of her emails, she alleged only that the messages were saved to her

23   account on the evening of August 23, 2006, but then had been removed by the next morning.

24   Deletion or removal of stored or saved electronic communications is not actionable under 18

25   U.S.C. 2520, thus plaintiff has failed to state a claim for interception of electronic

26   communications.  Defendants' motion is **GRANTED**.

27

28

                                    7

**United States District Court**
For the Northern District of California

7.    **INVASION OF PRIVACY UNDER CALIFORNIA PENAL CODE SECTIONS 630–637.2.**

In her seventh claim, plaintiff alleged a violation of California's Invasion of Privacy Act. Such act allows for civil damages for invasion of privacy. *Ion Equipment Corp. v. Nelson*, 110 Cal. App. 3d 868, 879 (1980). The sections that plaintiff alleged that Google violated are analogous to her federal claims under 18 U.S.C. 2520. The relevant sections forbid unauthorized wiretapping, eavesdropping or recording electronic communications, intercepting wireless telephone and cordless telephone transmissions, manufacturing devices designed for electronic eavesdropping, and disclosing intercepted electronic communications. Cal. Penal Code 630–637.2.

Like its federal counterpart, these sections of California's Invasion of Privacy Act require the *interception* of an electronic communication. As with Bradley's sixth claim, she has not alleged that Google intercepted her communications, only that her stored emails were deleted from her account. Thus, Bradley has failed to state a claim, and defendants' motion as to her seventh claim is **GRANTED**.

8.    **INTENTIONAL DESTRUCTION OF EVIDENCE, PROFESSIONAL, AND PERSONAL PROPERTY.**

Plaintiff's final claim is for intentional destruction of evidence, professional, and personal property. "[T]here is no tort remedy for the intentional spoliation of evidence by a party to the cause of action to which the spoliated evidence is relevant, in cases which, as here, the spoliation victim knows or should have known of the alleged spoliation before the trial or other decision on the merits of the underlying action." *Cedars-Sinai Med. Center v. Superior Court*, 18 Cal. 4th 1, 17–18 (1998).

It is true, as defendants argue, that there is no tort remedy for spoliation of evidence before trial if the victim knew of the alleged spoliation before trial. Thus, even if all of Bradley's allegations are true and Google did intentionally delete the emails from her account pertaining to her relationship with Google AdSense, she cannot plead a claim for intentional spoliation of evidence. Bradley's allegations of spoliation of evidence appear in her complaint,

8

United States District Court

For the Northern District of California

1    so she necessarily knew of the alleged spoliation before trial.  That portion of her eighth claim

2    must be dismissed.

3            Defendants' argument does not address the possibility that Bradley also alleged a claim

4    for the destruction of personal property.  California law does recognize a tort remedy for injury

5    to personal property. *See* Cal. Civ. Code 3333; *Hand Electronics v. Snowline Joint Unified Sch.*

6    *Dist.*, 21 Cal.App 4th 862, 868–869 (Cal. App. 4 Dist 1994).  Assuming that plaintiff's emails

7    are her personal property, she can plead such a claim.  She has alleged the Google entered her

8    email account and deleted some of her emails without her permission.  She further alleged that

9    she suffered damages to her business as a result.  Thus, Bradley has stated a claim for injury to

10   personal property, and this portion of the claim cannot be dismissed.  Defendant's motion is

11   **GRANTED IN PART** as to plaintiff's claim for spoliation of evidence and **DENIED IN PART** as to

12   her claim for destruction of personal property.

13           **9.    LEAVE TO AMEND.**

14           Defendants ask that Bradley not be granted leave to amend her complaint.  In support of

15   this, defendants list approximately 35 cases that Bradley has filed in other jurisdictions against a

16   variety of parties.  Most of them, according to defendants, were dismissed at early stages.  Only

17   two of those lawsuits, including this one, were filed in this district.  Additionally, plaintiff has

18   already amended her complaint once in the course of this lawsuit in order to add new

19   allegations and claims.  Despite defendants's arguments, it is customary to allow plaintiff leave

20   to amend particularly where they proceed *pro se*.  Leave to amend, however, is discretionary.

21           "Leave to amend need not be granted when an amendment would be futile." *In re*

22   *Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1097 (9th Cir. 2002).  Plaintiff's claim for violation of

23   California Code Section 2207 fails as a matter of law.  Pleading a claim under that section

24   would require alleging that defendants and Bradley were in a contract for the sale of goods

25   under the UCC.  Plaintiff cannot credibly do this.  Similarly, plaintiff's claims for interception

26   of electronic communications and invasion of privacy cannot be saved by amendment.  Now

27   that Bradley has alleged that defendants deleted her stored emails, she could not truthfully

28

9

United States **District Court**
For the Northern District of California

1   allege that they intercepted those communications.  Plaintiff will not be allowed to amend these

2   claims, and they will be stricken from her complaint.

3       Plaintiff will be allowed limited leave to amend her remaining claims.  She would be

4   wise to address the flaws in her complaint identified by this order.  Plaintiff must file any

5   amended complaint no later than **JANUARY 22, 2007**.

6       Finally, defendants ask that Google AdSense be dismissed from this lawsuit because it is

7   not a subsidiary of Google or a registered corporate entity; it is only a program that Google

8   runs. In support, defendants present public records from the California Secretary of State's

9   website to show that Google AdSense is not an actual corporate entity (Req. Jud. Not. Exh. D).

10  Judicial notice of this information is appropriate pursuant to FRE 201(b).  Seeing that Google

11  AdSense is not an actual corporate entity, the only appropriate defendant is Google, Inc.

12  Google AdSense is hereby **DISMISSED** from this action.  This does not foreclose plaintiff from

13  amending the complaint to name proper parties to this action, if she should find any before

14  January 22, 2007.

15                              **CONCLUSION**

16      For all the above-stated reasons, defendants' motion to dismiss is **GRANTED IN PART,**

17  **AND DENIED IN PART**.  Defendant Google AdSense is **DISMISSED** from this lawsuit.  If she

18  chooses to do so, plaintiff must file any amended complaint by **JANUARY 22, 2007.**

19

20      **IT IS SO ORDERED.**

21

22  Dated:  December 22, 2006

23                                  WILLIAM ALSUP
                                    UNITED STATES DISTRICT JUDGE

24

25

26

27

28

10