IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THERESA B. BRADLEY,

    Plaintiff,

  v.

GOOGLE., INC., and GOOGLE ADSENSE,

    Defendants.
                                            /

No. C 06-05289 WHA

**ORDER DENYING PLAINTIFF'S MOTION FOR STAY AND REQUEST FOR RECUSAL**

      Theresa Bradley has a doctorate in psychiatry and a juris doctorate. She owns her own corporate consulting business, Bravacorp, which she markets through her website www.bravacorp.com. The website lists a variety of corporations and government agencies that Bravacorp counts as its clients. In addition to running a business, Bradley has also filed approximately 35 lawsuits in federal courts since 1998. Fifteen of them were filed in the last two years. The majority of them were filed on the east coast. This suit marks Bradley's second foray into this district.

      Bradley entered into a contract to enroll her website in Google AdSense. Her account was soon terminated because Bradley clicked on the third-party ads that Google had posted to her website. She alleged that defendants gave her no way to preview the ads, so her only option was to click on them, thereby creating a false illusion there were more hits than in reality for which Google would have to pay her royalties. Bradley filed a complaint against Google and Google AdSense on August 28, 2006. She filed a first amended complaint on September 12,

2006, adding allegations that defendants had entered her Google email account and deleted some of her messages.

Defendants filed a motion to dismiss. Bradley filed a motion to appear by telephone which was denied. The record did not warrant allowing her to appear by telephone. In the Court's judgment and experience, it is difficult to carry on a hearing on a motion of this type in a case of this type over the phone. Bradley also filed a motion for a 60-day continuance of the hearing because of an injury described below. This was denied because good cause was not shown. Bradley is obviously not indigent. She is an experienced litigant and, as a well-educated doctor, can afford to travel.

Bradley filed two more motions on December 20, 2006, one day before the hearing on the motion to dismiss was to take place. These were a motion to stay proceedings for 60 days and a motion for recusal of the judge. With respect to the motion to stay, the Court reviewed the papers, including plaintiff's opposition, and concluded that oral argument would be of little value. The Court was prepared to take the matter under submission on the papers and did so.

In any event, the grounds stated for the stay are insubstantial. In brief, over six months ago, plaintiff's car was disabled, causing her to walk more than otherwise would have been the case. This allegedly exacerbated a prior knee and foot injury. Evidently, she has sought or will seek orthopedic treatment, which is vaguely described in her declaration. While she claims she will "immediately" seek arthroscopic surgery, no specific details are given. Therefore the request to stay the case for 60 days is unwarranted. In any event, the Court has already determined that oral argument is not necessary.

Bradley has also moved to recuse the undersigned on the grounds that he is prejudiced against Bradley. The Court is not prejudiced against Bradley, as shown by the care devoted to her case in the accompanying order on the motion to dismiss. The only basis for prejudice is that the Court has refused plaintiff's motion to appear by telephone. Given the complexity of this motion and the difficulty of such appearance, it was not suitable for a telephone hearing. In any event, the Court has decided that the motion can be decided on the papers. There is not

1  enough merit in plaintiff's recusal motion to refer the matter to the Chief Judge or to any other
2  judge.
3     **IT IS SO ORDERED.**

5  Dated: December 21, 2006

   WILLIAM ALSUP
   UNITED STATES DISTRICT JUDGE